IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DESIREE DANIEL NISHCHUK** | * | |
| | * | |
| v. | * | Civil Case No. ELH-13-310 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2013-06, the above-referenced case was referred to me to review the parties' cross-motions for summary judgment and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' motions. ECF Nos. 12, 14, 15. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that both motions be denied, and that the case be remanded to the Commissioner for further proceedings in accordance with this Report and Recommendations.

Ms. Nishchuk applied for Supplemental Security Income on November 18, 2009, alleging a disability onset date of July 18, 2007. (Tr. 122-28). Her claim was denied initially on June 4, 2010, and on reconsideration on September 14, 2010. (Tr. 71-74, 76-77). An Administrative Law Judge ("ALJ") held a hearing on September 7, 2011, (Tr. 29-59), and subsequently denied benefits to Ms. Nishchuk in a written opinion dated October 27, 2011. (Tr. 19-24). The Appeals Council declined review, (Tr. 1-6), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Ms. Nishchuk suffered from the severe impairments of lumbar disc disease, chronic obstructive pulmonary disease, depression, arthritis, status post carpal tunnel

surgery, and hepatitis C. (Tr. 20). Despite these impairments, the ALJ determined that Ms. Nishchuk retained the residual functional capacity ("RFC") to:

> sit for 8 hours in an 8 hour work day; the claimant can stand for 2 hours in an 8 hour work day; the claimant can walk for up to 1 hour in an 8 hour work day; can lift/carry up to 20 pounds occasionally, and up to 10 pounds frequently; but the claimant is mentally limited to unskilled, simple jobs, limited to SVP2.

(Tr. 21). After considering testimony from a vocational expert ("VE"), the ALJ determined that there were jobs existing in significant numbers in the national economy that Ms. Nishchuk could perform. (Tr. 23-24). Accordingly, the ALJ determined that Ms. Nishchuk was not disabled. (Tr. 24).

Ms. Nishchuk disagrees. She raises three primary arguments in support of her appeal: (1) that the ALJ failed to assign appropriate weight to Dr. Sajadi's opinion; (2) that the ALJ failed to incorporate limitations pertaining to carpal tunnel syndrome; (3) and that the ALJ assigned excessive weight to the opinion of the state agency physicians; yet failed to incorporate some of their recommended limitations in the RFC assessment. I agree generally that the ALJ did not provide sufficient analysis to permit me to evaluate whether his RFC assessment is premised on substantial evidence. As a result, I recommend that the case be remanded for the ALJ to fulfill his duty of explanation. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Nishchuk is not entitled to benefits is correct or incorrect.

Specifically, the ALJ did not provide any discussion anywhere in his opinion regarding Ms. Nishchuk's alleged continuing limitations from her carpal tunnel syndrome, despite finding her history of carpal tunnel issues to constitute a severe impairment. The Commissioner correctly notes that there is contradictory medical evidence in the record (and even within Dr. Sajadi's consultative examination report) regarding whether or not Ms. Nishchuk has continuing manipulative and lifting limitations. *See, e.g.,* (Tr. 338) (Dr. Sajadi notes showing full grip strength, wrist range of motion, and upper extremity strength); (Tr. 336) (Dr. Sajadi's "Summary

2

and Assessment" stating that, "She was not able to lift anything more than a few pounds."). It may therefore be possible to identify evidence in the record that could support a finding that Ms. Nishchuk has no significant impairment. However, the ALJ did not cite to any of the medical evidence at all, and it is not the role of the Court to guess what reasons the ALJ relied upon in reaching his determination. Those reasons must be set forth in sufficient detail for this Court to evaluate whether or not the ALJ's conclusions were supported by substantial evidence. *See See v. Washington Metro. Area Transit Auth.*, 36 F.3d 375, 384 (4th Cir. 1994); *see also Schoofield v. Barnhart,* 220 F.Supp.2d 512, 519 (D. Md. 2002). Because the ALJ did not fulfill that duty, the case must be remanded for further explication of the reasons underlying his determination.

In making an adverse credibility determination, the ALJ also apparently rejected Ms. Nishchuk's own testimony about her continuing carpal tunnel limitations. However, the ALJ made no specific factual findings to justify the adverse credibility determination, other than a cursory conclusion that Ms. Nishchuk "under-states" her abuse of alcohol. (Tr. 23). In the absence of any express discussion of the carpal tunnel issue by the ALJ, I cannot evaluate whether or not his apparent conclusion that no manipulative or lifting limitation was needed is based on substantial evidence.[1] The determination is significant to the case, particularly because the light jobs proposed by the vocational examiner (ticket seller, cashier, and price marker) all involve fingering and manipulation, and because a restriction to sedentary employment would have resulted in an award of benefits. *See Dictionary of Occupational Titles* 211.467-030, 211.462-010, 209.587-034, 4th ed. (1991) (showing that each position requires Level 3 finger dexterity and frequent to constant fingering); 20 C.F.R. 416.965; 20 C.F.R. Pt. 404 Subpt. P. App. 2 ("Medical-Vocational Guidelines") § 201.12. I therefore recommend remand for further explanation by the ALJ.

---

[1] I also note that some of the most pertinent medical records regarding Ms. Nishchuk's carpal tunnel surgery appear to have been scanned at an extreme angle, rendering them largely unintelligible. (Tr. 324-26). It is unclear whether any party at any stage in these proceedings had access to a legible version of these records.

3

While Ms. Nishchuk's other arguments are less persuasive, on remand, I also recommend that the ALJ address the reasons for any deviation between the state agency physicians' recommendations and the RFC assigned to Ms. Nishchuk. The language in the current ALJ opinion, which suggests that the medical opinions of the state agency physicians were credited, does not explain the reasons that the ALJ opted against including some of the limitations that those physicians had proposed, specifically relating to Ms. Nishchuk's ability to perform posturals. *Compare* (Tr. 341, 373) (state agency reports reflecting limitations in ability to climb, balance, stoop, kneel, crouch, and crawl) *with* (Tr. 21) (RFC containing no postural limitations). On remand, the ALJ should also expressly evaluate Dr. Sajadi's assessment, particularly as it relates to Ms. Nishchuk's carpal tunnel syndrome.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment (ECF No. 14);

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 12); and

3. the Court order the Clerk to REMAND the case to the Commissioner for further proceedings and to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.


Dated: January 28, 2014            /s/
                                   Stephanie A. Gallagher
                                   United States Magistrate Judge